**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KRISTY BARNES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-01178-O-BP** |
| | § | |
| **TARRANT COUNTY, TEXAS, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 3, 2024, *pro se* Plaintiff Kristy Barnes filed a Complaint against Tarrant County, Texas, and various other Defendants, alleging civil rights violations. ECF No. 1. After granting Barnes leave to proceed *in forma pauperis*, the Court withheld service of process pending screening under 28 U.S.C. § 1915(e)(2). ECF No. 5. As part of that screening, the Court ordered Barnes to complete a questionnaire. ECF No. 6. Barnes eventually did so on April 15, 2025. ECF No. 21. After reviewing Barnes' answers to that questionnaire, the Court ordered Barnes to file an Amended Complaint, which she eventually did on January 30, 2026. ECF Nos. 26, 33.

The Court proceeded to screen that complaint under 28 U.S.C. § 1915(e)(2), and on March 2, 2026, the undersigned recommended that Chief United States District Judge Reed O'Connor dismiss all of Barnes' claims except for her claim against John Doe for a procedural due process violation under 42 U.S.C. § 1983. ECF No. 38. On March 20, 2026, Chief Judge O'Connor accepted that recommendation and dismissed all of Barnes' claims except for the claim against John Doe. Then, on March 24, 2026, the Court concluded that service as to John Doe was now appropriate, and it ordered Barnes to complete the relevant summons forms and return them to the Clerk on or before April 14, 2026. ECF No. 42.

On April 14, 2026, Barnes requested the Clerk to issue summons as to John Doe, and Barnes explained that she was actively trying to identify John Doe, a bailiff in the Lake Worth Municipal Court. ECF No. 44. On April 16, 2026, the Court then *sua sponte* extended the deadline for Barnes to serve John Doe to May 18, 2026. ECF No. 46. In its Order extending the service deadline, the Court explicitly cautioned Barnes that if she failed to comply by the deadline and serve John Doe, the undersigned may recommend that Chief Judge O'Connor dismiss Barnes' case without further notice for her failure to prosecute. *Id.* (citing Fed. R. Civ. P. 41(b)).

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Barnes to serve John Doe and thereby comply with the Court's order has passed. To date, Barnes has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure her service deficiency or communicate with the Court about her case. Because Barnes did not properly serve John Doe by May 18, 2026, despite an order to do, her claim against him is subject to dismissal for failure to timely serve, for failure to comply with a court order, and for lack of prosecution under Rules 4(m) and 41(b). Considering the several extensions the Court has granted Barnes throughout the pendency of the case, the Court finds that no further extensions are warranted.

Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS** Barnes' remaining claim against John Doe without prejudice. *See* Fed. R. Civ. P. 4(m), 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right

to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within **fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    **SIGNED** on May 22, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE